# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MAXI SMITH,**

    **Plaintiff,**

**vs.**                                                           **CASE NO. 4:04CV508-MMP/AK**

**P. J. MECUSKER, et al,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that the Defendants were deliberately indifferent to his serious medical needs. (Doc. 22). The Court has ordered two amended complaints and advised Plaintiff that he has failed to state a viable cause of action based on the facts presented (docs. 8 and 18), but he continues to assert claims against Warden Mecusker and Secretary Crosby for their responses to his grievances and has added nothing to his claims against Defendants Huang and Kirkland which would cause this Court to order service of the complaint upon them. In fact, after reading all three complaints and the exhibits attached to them, the Court has determined that Plaintiff's claims should be dismissed.

I.  **Standard of Review**

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

II.  **Allegations of the Second Amended Complaint (doc. 22)**

Plaintiff claims that, when he was transferred to Wakulla Correctional Institution and his medical case was reviewed, Defendant Kirkland determined not to refill his ibuprofen medication. (Doc. 22, p. 7). Plaintiff claims that he has joint pain and had received this same medication for two years prior to this transfer. Plaintiff also sues Dr.

**No. 4:04cv508-mmp/ak**

Huang and Warden Mecusker, whom he claims to have advised by grievance that Defendant Kirkland was indifferent to him, and Secretary Crosby, presumably because he is the Secretary of Florida Department of Corrections (DOC).

The undersigned reviewed all the complaints and attachments in an effort to better understand Plaintiff's claims since he appeared to have difficulty articulating his claims, and it has become clear after said review that he fails to state a claim against any of the named defendants.  Plaintiff was treated for joint pain due to a car accident while at Calhoun Correction Institution, but when he transferred to Wakulla it was noted that he had no swelling or discoloration in his knees or hands, had normal range of motion, and ambulated with a steady gait.  (Doc. 15, Exhibits A and B).  The nurse making this observation was J. Raynor.  Defendant Kirkland's note of September 29, 2004, notes that Plaintiff's treatment history showed no documentation of arthritis, and she refers to a previous entry of 2/03 that shows the joint pain had resolved.  (Doc. 15, Exhibit C).  She wrote that there was no indication for continued ibuprofen use, but that Tylenol could be used as needed.  Plaintiff wrote grievances to Dr. Huang, which were responded to by Herbert Hall, who is not a named defendant.  (Doc. 1, Exhibits).  He appealed the grievance to the Warden, whose representative signed the denial of the appeal with Pilar Gudino, who actually drafted the response after contacting Herbert Hall, who reviewed the medical record and determined that Plaintiff's medical needs were being properly responded to by medical staff.

**No. 4:04cv508-mmp/ak**

**III.     Analysis**

    a)     Medical Claims

Medical claims under the Eighth Amendment have an objective and subjective component, each of which additionally is considered to encompass two subsidiary requirements.  Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000), cert. denied, 531 U.S. 1077, 121 S.Ct. 774, 147 L.Ed.2d 673 (2001).  The "objective component" of the Eighth Amendment standard requires a determination whether the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.  See Wilson v. Seiter, 501 U.S. 294, 303, 111 S.Ct. 2321, 2326, 115 L.Ed.2d 271 (1991).  This objective component varies with the situation and the conduct in question and is responsive to "contemporary standards of decency."  Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); see also Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981).  An objectively serious deprivation requires (1) showing an objectively "serious medical need." Estelle, 429 U.S. at 104.  A serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994).  In addition, an objectively serious deprivation requires (2) showing the response made by the defendant to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain" and not simply "negligen[ce] in diagnosi[s] or treat[ment]," or even "[m]edical malpractice" actionable under state law. Estelle, 429 U.S. at 105-06 (internal quotation marks omitted). See Taylor, 221 F.3d at 1257; see also Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).

**No. 4:04cv508-mmp/ak**

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow, at 1243, quoting Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1187 (11th Cir. 1994).

To show the required subjective intent to punish the plaintiff must demonstrate that the defendant acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105. This is defined as requiring (1) an "aware[ness] of facts from which the inference could be drawn that a substantial risk of serious harm exists" and (2) the actual "draw[ing of] the inference." Farmer, 511 U.S. at 837. In sum, in a claim of denial of medical attention under the Eighth Amendment "[u]ltimately, there are [] four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor, 221 F.3d at 1258.

The facts, as pieced together by the various pleadings and exhibits, shows neither a serious medical need nor a failure to respond. Two different nurses, including Defendant Kirkland, examined Plaintiff and found no physical evidence of swelling or discoloration to warrant a diagnosis of arthritis or joint pain. Based on Defendant Kirkland's medical assessment she determined to discontinue ibuprofen medication in favor of Tylenol. Plaintiff disagrees with her assessment, but has wholly failed to show that she ignored his condition or otherwise so insufficiently responded to his needs as to warrant deliberate indifference. This claim should be dismissed.

b) Grievances

**No. 4:04cv508-mmp/ak**

Federal courts which have addressed the issue of whether defendants may be held liable for their participation or lack thereof in the grievance process have held that inmates are not constitutionally entitled to a grievance procedure, and therefore, the state creation of such a procedure does not give rise to a substantive constitutional right, particularly a liberty interest under the Due Process Clause.[1] Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), *cert. denied* 514 U.S. 1022, 115 S. Ct. 1371, 131 L. Ed. 2d 227 (1995); Smith v. Corrections Corporation of America, 19 Fed. Appx. 318, 321 (6th Cir. 2001); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), *cert. denied* 488 U.S. 898, 109 S. Ct. 242, 102 L. Ed. 2d 213 (1988). Liability, therefore, cannot be predicated upon a claim that the defendants failed to process grievances, Buckley v. Barlow, 997, F.2d 494, 495 (8th Cir. 1993), or failed to process them effectively, LaFlame v. Montgomery County Sheriff's Department, 3 Fed. Appx. 346, 347 (6th Cir. 2001), or failed to process them timely, Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D. Ill. 1982). *See also* Massey v. Helman, 259 F.3d 641 (7th Cir. 2001) (failure to provide grievance forms not a cognizable claim); Allen v. Wood, 970 F. Supp. 824, 832 (E.D. Wash. 1997) (improper processing not cognizable); Ainsworth v. Terhune, 2002 WL 1837806 (N.D. Cal.) (inordinate delay not a claim).

---

[1] An inmate cannot claim a due process violation unless he can show a deprivation of a protected liberty interest, and such interests are generally limited to (a) those actions that unexpectedly alter the inmates term of imprisonment, and (b) those actions that impose an atypical and significant hardship in relation to the ordinary incidents of prison life. Sandin v. Connor, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 418 (1995). For an inmate to have a protectible interest, he must have a legitimate claim of entitlement to it. Greenholtz v. Inmates of Nebraska Penal and Corrections Complex, 442 U. S. 1, 7, 99 S. Ct. 2100, 2104, 60 L. Ed. 2d 668 (1979).

**No. 4:04cv508-mmp/ak**

Plaintiff's only claims against Defendants Huang and Mecusker are that they responded to his grievances and failed to discipline or otherwise correct Defendant Kirkland's assessment that he no longer needed ibuprofen. The grievances attached to the original complaint in this cause show that Defendant Huang never responded to the grievance, Herbert Hall did, and he is not a defendant in this cause. Also, Defendant Mecusker's representative signed off on the grievance response, but it was actually someone else who investigated and drafted the response. Thus, not only is there no liability for the actions or inactions of these persons, but they also appear to be wrongly named.

There is no explanation in the second amended complaint for naming Defendant Crosby, except because of his position as Secretary of DOC. It was previously explained to Plaintiff that supervisory liability is not a viable claim under 42 U.S.C. §1983. (See Doc. 8).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 22, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Gainesville, Florida, this **15th** day of November, 2005.

 s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**No. 4:04cv508-mmp/ak**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 4:04cv508-mmp/ak**